IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02657-JLK-KLM

GREENTREE TRANSPORTATION CO., a Delaware corporation,

     Plaintiff,

v.

SPEEDY HEAVY HAULING, INC., a Colorado corporation, and
ENQUEST ENERGY SERVICES CORP., a Canadian corporation,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** issued on April 28,

2011 [Docket No. 42] and amended on May 16, 2011 [Docket No. 44].

The instant lawsuit involves a contract dispute regarding freight charges and

services.  Specifically, Plaintiff asserts claims against Defendant Speedy for breach of

contract, promissory estoppel, accounting and quantum meruit and claims against

Defendant Speedy's alleged parent company, Defendant EnQuest, for promissory estoppel,

unjust enrichment, fraudulent inducement and piercing the corporate veil.  *See Scheduling*

*Order* [#25] at 3.  After the Scheduling Order was entered, this matter was referred to me

for all pretrial purposes [Docket No. 19].

On April 14, 2011, the Court issued an Order permitting defense counsel to withdraw

from representation of Defendants [Docket No. 38].  However, the Court noted that

because Defendants are corporations and cannot appear in this Court without legal

representation, *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001);

D.C.COLO.LCivR 83.3D., new counsel must enter an appearance on their behalf on or before April 25, 2011. *See Order* [#38] at 2. Moreover, the Court set a deadline for Defendants to respond (through counsel) to several outstanding motions. *See id.* The Court also informed Defendants that their failure to comply with my Order "may result in the entry of default judgment . . . or other sanctions imposed." *Id.*

Defendants did not comply with my Order and the Court ordered Defendants to show cause why default should not be entered against them pursuant to Fed. R. Civ. P. 55(a) [Docket No. 42]. Copies of all relevant Orders were mailed directly to Defendants at the addresses given by withdrawing counsel and, separately, at the address for Defendant EnQuest located by the Court after conducting an Internet search [Docket Nos. 38, 39, 44 & 45]. The deadline for Defendants to respond to the Order to Show Cause has passed, and no response was received.

To date, no counsel has entered an appearance for Defendants and no request for extension of time to retain counsel has been made. Moreover, Defendants have failed to respond to Plaintiff's outstanding motions despite being ordered to do so by the Court. Based on the foregoing, I find that Defendants have "failed to . . . otherwise defend" this lawsuit.[1] *See* Fed. R. Civ. P. 55(a); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992) (recognizing that Rule 55(a)'s "otherwise defend" language provides the court with inherent authority to enter default even if a party has timely answered); *Eagle*

---

[1] Despite the fact that the relevant pleadings have been returned as undeliverable to Defendant EnQuest [Docket Nos. 43, 46 & 47], none were returned as undeliverable to Defendant Speedy. Defendant Speedy, which is alleged to be a subsidiary of Defendant EnQuest, has neither responded to the Court's Orders nor had an attorney enter an appearance on its or its alleged parent's behalf.

*Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1310 (2d Cir. 1991) (authorizing entry of default where party failed to comply with order to obtain counsel); *see also Yates v. Portofino Equity & Mgmt Co.,* No. 08-cv-00324-PAB-MJW, 2009 WL 2588831, at \*3 (D. Colo. Aug. 17, 2009) (same).[2]  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#42] is made **ABSOLUTE** and the Clerk of Court is directed to enter **DEFAULT** against Defendants pursuant to Fed. R. Civ. P. 55(a).

IT IS FURTHER **ORDERED** that any Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b) shall be filed on or before **July 29, 2011**.  The Motion shall be served upon Defendants by mailing a copy, along with this Order, to Defendants' last known business addresses.  In addition, the Motion and this Order shall be served upon Defendant EnQuest by mailing a copy to "610 25 Road, Grand Junction, Colorado" 81505 (which is the address listed as Defendant EnQuest's principle domestic office in Plaintiff's Complaint [Docket No. 1 at 2]).

IT IS FURTHER **ORDERED** that in addition to mailing this Order to Defendants at the addresses currently listed on the Court's electronic case filing system, the Clerk shall mail a copy of this Order to Defendant EnQuest at 610 25 Road, Grand Junction, Colorado 81505.

---

[2] Although Rule 55(a) references only the clerk's authority to enter default, "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2682, at 19 (3d ed. 1998).  Further, although the Court could arguably recommend that judgment be entered against Defendants as a sanction pursuant to Fed. R. Civ. P. 41(b) and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Court chooses not to do so here given the clear application of Fed. R. Civ. P. 55(a) and the lack of briefing regarding the amount for which judgment should be entered.

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Amend the Amended Stipulated

Scheduling and Discovery Order and Motion for Leave to File a Motion to Strike Insufficient

Defense in Defendant Speedy's Answer [Docket Nos. 22 & 23] are **DENIED as moot**.


Dated:  June 14, 2011

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix