**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. **10-cv-02657-JLK-KLM**

**GREENTREE TRANSPORTATION CO.**, a Delaware corporation,

    Plaintiff,
        v.

**SPEEDY HEAVY HAULING , INC.**, a Colorado corporation, and
**ENQUEST ENERGY SERVICES CORP.**, a Canadian corporation,

    Defendants.

---

**ORDER**

---

Kane, J.

    This matter is currently before me on Plaintiff's Objections to Magistrate Judge Kristen Mix's Recommendation on Plaintiff's Motion for Default Judgment. For the reasons stated below, Plaintiff's Objections are SUSTAINED. Magistrate Judge Mix's Recommendation is adopted as amended below.

**BACKGROUND**

    In the fall of 2009, Plaintiff Greentree Transportation Company (Greentree) provided freight services to Defendant Speedy Heavy Hauling (Speedy). Complaint (doc. 1) at ¶8.[1] The total cost for these services, excluding interest, was $321,929.00. *Id.* at ¶10. Unable to pay for the services, Speedy, through its parent corporation Defendant EnQuest Energy Services

---

[1] At this stage in the proceedings, I accept well-pled facts in the complaint as true. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002)).

1

Corporation (EnQuest), negotiated a forbearance agreement with Greentree.[2] *Id.* at ¶9. In exchange for Speedy's agreement to pay $330,812.87, the principal of $321,929.00 plus half of the accrued interest, Greentree agreed to write-off the other half of the accrued interest. *Id.* at ¶10. The terms of the contract stipulated a repayment schedule and included an acceleration clause in the event EnQuest sold "all or substantially all" of Speedy's assets. *Id.* at ¶11. As long as Speedy adhered to the terms of the contract, no interest would accrue on the principal amount due. *Id.* at ¶10.

Although Speedy made its first scheduled payment on April 7, 2010, it failed to make another scheduled payment until August 10, 2010. *Id.* at ¶12. Soon thereafter, EnQuest announced the sale of all of Speedy's assets, effective August 13, 2010. *Id.* at ¶14. Pursuant to the terms of the agreement, the balance of the amount owed Speedy was due on August 23, 2010, but neither EnQuest nor Speedy fulfilled this obligation. *Id.* at ¶15. Instead, Speedy advised Greentree that it had sold all of its assets and was "winding down." *Id.* at ¶18. It also informed Greentree that it was an unsecured creditor who might only receive partial payment. *Id.*

Greentree filed suit against EnQuest and Speedy on October 29, 2010. *Id.* Defendants retained counsel and answered Greentree's complaint in December of 2010. Answers (docs. 5 and 6). After representing Defendants at a Scheduling Conference on March 9, 2011, and receiving Greentree's request for admissions on behalf of Defendants, Defendants' counsel of record requested and Magistrate Judge Mix granted permission to withdraw from the case. *See*

---

[2] Although the copy provided by Greentree is not signed by either Speedy or EnQuest, Magistrate Judge Mix correctly accepted Mr. Miller's recounting of the agreement as true given the procedural posture of this case: a motion for default judgment. Furthermore, Speedy substantially performed when it paid Greentree $36,312.00 in April of 2010.

Motions to Withdraw (docs. 29, 32, 35); Order Granting Motions to Withdraw (doc. 38). Magistrate Judge Mix instructed Defendants to retain new counsel, specifically warning them that failing to do so could result in an entry of default. Order Granting Motions to Withdraw (doc. 38) at 2. Neither Defendant retained new counsel or responded to Magistrate Judge Mix's Order to Show Cause why default should not be entered against them. Order Making Order to Show Cause Absolute (doc. 48) at 2.[3] Accordingly, the Clerk of Court entered default against both Defendants on June 15, 2011, Clerk's Entry of Default (doc. 50), and Plaintiff filed a Motion for Default Judgment (doc. 53) on July, 7, 2011.

On September 19, 2011, Magistrate Judge Mix entered her Recommendation (doc. 57) granting in part and denying in part Plaintiff's Motion for Default Judgment. Most relevant to the instant order, Magistrate Judge Mix found that Greentree failed to adequately establish this court's personal jurisdiction over EnQuest, and, as a result, she declined to enter default judgment against EnQuest. *Id.* at 11, 18. Furthermore, although she found entry of default against Speedy proper, she refused to allow pre-judgment interest, awarding Greentree $ 293,384.74[4] plus post-judgment interest and costs. *Id.* at 17-18.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), Greentree filed an objection to Magistrate Judge Mix's recommendation on October 3, 2011, alleging that she erred

---

[3] Although all mail sent to EnQuest at its last known address since May 2, 2011 has been returned as undeliverable, mail sent to Speedy has not been returned. Furthermore, EnQuest presumably received Magistrate Judge Mix's order granting its counsels' Motions to Withdraw and ordering it to retain new counsel or face entry of default, because this mail was not returned.

[4] Magistrate Judge Mix calculated this amount by adding the accrued interest Greentree agreed to forgo if Speedy adhered to the contract's terms, $8,883.87, to the principal amount in the contract, $330,812.87, before subtracting the money Speedy already paid Greentree, $46,312.00.

by concluding that: 1) the Court lacks personal jurisdiction over EnQuest; 2) Greentree is entitled to damages in the amount of $ 293,384.74; and 3) Greentree is not entitled to pre-judgment interest. Objections to the Recommendation of United States Magistrate Judge (doc. 58) at 1.

Because Greentree has timely filed its objections, I review *de novo* the parts of Magistrate Judge Mix's recommendation that it has objected to. Under this standard of review, I have the discretion to accept, reject, or modify any portion of Magistrate Judge Mix's recommendation. Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

As an initial matter, it is necessary to note that the factual record upon which I base my ruling is significantly different from the one relied upon by Magistrate Judge Mix in making her recommendation. Pursuant to Fed. R. Civ. P. 36, Greentree served a written request for admissions upon Speedy, First Request for Admission (doc. 58-2), who in turn was obligated to object or otherwise respond to the requests within thirty days of being served. Because Speedy failed to respond or object within thirty days, it admitted that: 1) it is indebted and liable to Greentree for not less than $303,402.16; 2) EnQuest negotiated the agreement with Greentree for debt repayment; 3) EnQuest utilized Speedy as its alter ego to work a subterfuge and injustice upon Greentree; 4) EnQuest and Speedy induced Greentree to forbear from collecting money owed to it in an attempt to escape liability for payment; 5) EnQuest had absolute and active control over Speedy; 6) EnQuest wrongfully used Speedy as an improper instrumentality or business conduit; 7) EnQuest failed to maintain corporate formalities as to Speedy; 8) EnQuest commingled funds with Speedy's funds; and 9) EnQuest left Speedy grossly undercapitalized.

*Id.* at 6, 8, 10-13. Because these requests for admission, which pertain directly to Greentree's objections to Magistrate Judge Mix's Recommendation, were not before Magistrate Judge Mix at the time she made her recommendation, it cannot come as much surprise that I reach a somewhat contrary result on the contested issues. Having clarified the difference in the factual records forming the basis for our respective reviews, I turn to the merits of Greentree's objections.

*Personal Jurisdiction*

I begin, as I must, with the issue of personal jurisdiction.[5] *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997). As noted by Magistrate Judge Mix, because Speedy did not raise personal jurisdiction as a defense in its Answer or raise the issue by motion, it has waived the personal jurisdiction requirement.[6] EnQuest did, however, raise lack of personal jurisdiction as an affirmative defense, so I must determine whether I have the requisite personal jurisdiction over EnQuest to ensure the validity of any judgment entered. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

Upon review of Greentree's Motion for Default and the record then available to her, Magistrate Judge Mix found that Greentree had not met its burden of making the prima facie showing that this Court may exercise personal jurisdiction over EnQuest. Recommendation (doc. 57) at 11. Specifically, she focused on the lack of evidence in the record "that EnQuest

---

[5] Although I do not address it in depth, I find proper Magistrate Judge Mix's determination that subject matter jurisdiction is appropriate under 28 U.S.C. §1332.

[6] Indeed, any assertion by Speedy that personal jurisdiction was improper would have been frivolous. It is a Colorado corporation with an office in Grand Junction and a registered agent in Denver.

exerted control over Speedy to the extent that EnQuest was in fact utilizing Speedy as a mere conduit for its own business." *Id.* Accordingly, she declined to enter judgment against EnQuest.

Greentree argues that Magistrate Judge Mix failed to properly determine whether the Court has personal jurisdiction over its fifth, sixth, and seventh claims for relief, which were asserted directly against EnQuest and did not hinge upon its argument that Speedy was merely a conduit for EnQuest's business. Greentree also argues that, in light of Speedy's failure to respond to its requests for admission, it has demonstrated facts sufficient to establish that Speedy was operating as EnQuest's alter-ego. Because it is dispositive, I begin and end my analysis with the second argument.

Because Colorado's long-arm statute extends personal jurisdiction to the fullest extent permitted by the Due Process Clause, *see Keefe v. Kirschenbaum & Kirschenbaum*, 40 P.3d 1267, 1270 (Colo. 2002), in order to determine the propriety of exercising personal jurisdiction over EnQuest, I must ascertain: (1) whether EnQuest has minimum contacts with Colorado to the extent it should reasonably anticipate being haled into court in this district, and (2) if sufficient minimum contacts exist, whether the exercise of personal jurisdiction offends traditional notions of fair play and substantial justice. See *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).

Although EnQuest is a Canadian corporation with its principal office located in Calgary, Alberta, Speedy is a Colorado corporation with physical offices and a designated agent in Colorado over whom I may properly exercise personal jurisdiction. In order to impute Speedy's actions to EnQuest for purposes of the jurisdictional analysis, however, I must determine whether EnQuest exercised sufficient control over Speedy. *See Pro Axess, Inc. v. Orlus Distrib.,*

*Inc.*, 428 F.3d 1270, 1278 (10th Cir. 2005) (citing *Curtis Publ'g Co. v. Cassel*, 302 F.2d 132, 137 (10th Cir. 1962)). Speedy's effective admission that EnQuest had absolute control over it satisfies this standard. *See* First Request for Admission (doc. 58-2) #23. Thus, because I may exercise personal jurisdiction over Speedy, and because EnQuest sufficiently controlled Speedy, I may properly exercise personal jurisdiction over EnQuest.[7] *See SGI Air Holdings II LLC v. Novartis Int'l AG*, 239 F. Supp. 2d 1161 (D. Colo. 2003). I must now determine whether the clerk's office properly entered default against Defendants and decide whether the unchallenged facts create a legitimate basis for the entry of a judgment. 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688 at 63 (1998).

*Entry of Default*

I have reviewed and find Magistrate Judge Mix's findings on Greentree's claims against Speedy proper. Because she did not address Greentree's claims against EnQuest, however, I must determine whether default was properly entered on those claims and whether there exists a legitimate basis for entry of a judgment on those claims.

Her analysis of Greentree's second and fourth claims for relief against Speedy applies equally to Greentree's fifth and sixth claims for relief against EnQuest. Accordingly, I find the clerk's office properly entered default on those claims and that Greentree has established a legitimate basis for the entry of a judgment on them.

Default on Greentree's seventh claim for relief – that EnQuest fraudulently induced it to

---

[7] In addition to absolute control, admissions regarding undercapitalization, fund commingling, lack of corporate formality, use of Speedy as an alter ego, and use of Speedy for inequitable purposes all further justify the exercise of personal jurisdiction over both Speedy and EnQuest.

enter into the forbearance agreement – was also proper and legitimate. Under Colorado law, in order to state an actionable claim for fraudulent inducement, Greentree must allege that: 1) a fraudulent misrepresentation of material fact was made by EnQuest; 2) it relied on the misrepresentations; 3) it had the right to rely on, or was justified in relying on, the misrepresentation; and 4) the reliance resulted in damages. Greentree prevails on this claim for substantially the same reasons articulated by Magistrate Judge Mix in her discussion of Greentree's first, second, third, and fourth claims for relief against Speedy.

Finally, Greentree has adequately established the propriety of default for its eighth claim for relief – that EnQuest used Speedy as its alter ego. Under Colorado law, "[a]n alter ego relationship exists when the corporation is a 'mere instrumentality for the transaction of the shareholders' own affairs, and there is such unity of interest in ownership that the separate personalities of the corporation and the owners no longer exist.'" *Phillips v. Englewood Post No. 322 Veterans of Foreign Wars of the United States, Inc.*, 139 P.3d 639, 644 (Colo. 2006) (quoting *Krystkowiak v. W.O. Brisben Co., Inc.*, 90 P.3d 859, 867 n. 7 (Colo. 2004)). In making this determination, courts look to a variety of factors including whether (1) funds and assets are commingled, (2) the corporation is used as a "mere shell", (3) shareholders disregard legal formalities, and (4) the business is thinly capitalized. *Id*. As noted above, Speedy's failure to respond constitutes an effective admission of the facts contained in Greentree's request for admission. Accordingly, the record reflects that EnQuest: (1) commingled funds with Speedy's funds; (2) had absolute and active control over Speedy ; (3) failed to maintain corporate formalities as to Speedy; and (4) left Speedy grossly undercapitalized. First Request for Admission (doc. 58-2) #'s 28, 23, 27, and 30. In light of these facts, the clerk's office properly

entered default on Greentree's eigth claim for relief, and Greentree has established the legitimacy of judgment on this claim.

Having determined the propriety of the clerk's office's entry of default on Greentree's first, second, third, fourth, fifth, sixth, seventh, and eighth claims for relief, I turn to Greentree's objection to Magistrate Judge Mix's calculation of damages.

*Damages*

In her recommendation, Magistrate Judge Mix declined to award pre-judgment interest because she could not discern any agreement between the parties concerning the rate at which pre-judgment interest would accrue. Recommendation (doc. 57) at 17. Although the repayment contract between Greentree and Speedy did not specifically provide for the accrual of interest in the event Speedy breached the terms, Colorado law provides for the accrual of pre-judgment interest on "money . . . wrongfully withheld" at a rate agreed upon by the parties or, in the absence of an agreed upon rate, eight percent per annum. *See* C.R.S. 5-12-102; *Ferrellgas, Inc. v. Yeiser*, 247 P.3d 1022, 1028 (Colo. 2011); *Webco Indus., Inc. v. Thermatool Corp.*, 278 F.3d 1120, 1134 (10th Cir. 2002) ("Pre-judgment interest in a diversity action is . . . a substantive matter governed by state law"). Thus, interest on the principal amount owed to Greentree began accruing on August 23, 2010 – the date from which Speedy and EnQuest wrongly withheld money owed to Greentree.[8] The only question which remains is whether the parties agreed upon an interest rate, or if the statutory rate of eight percent per annum applies.

---

[8] Although Speedy's late payment of its July obligations could be construed as a breach, it remedied that breach with a payment of $ 10,000 on August 10, 2010. For purposes of determining pre-judgment interest, it is proper to focus instead on the breach giving rise to the instant cause of action – the breach of the agreement that occurred on August 23, 2010, when EnQuest failed to repay the amount in full as required, ten days after its sale of Speedy's assets.

Despite the lack of any explicit agreement to the rate at which pre-judgment interest would accrue in the event of a breach, Greentree argues that its standard Rules Tariff document, which includes an eighteen percent per annum interest clause, provides ample evidence of an agreement as to the rate of pre-judgment interest. A careful examination of the facts in this case support Greentree's assertion. Turning once again to Greentree's requests for admissions, Speedy effectively admitted that it owed $303,402.16. First Request for Admissions (doc. 58-2) #1. Furthermore, the bill Greentree submitted to verify the amount owed reveals that interest accrued in the months of July 2010 and August 2010 at a rate of eighteen percent per annum, the amount specified in Greentree's standard Rules Tariff document. Invoice (doc. 1-3). Accordingly, pre-judgment interest in the amount of eighteen percent per annum applies.

Speedy has effectively admitted that it owed Greentree $303,402.16 at the time this case began. I therefore determine that Speedy and EnQuest are jointly and severally liable to Greentree in the amount of $ 303, 402.16, plus pre-judgment interest at a rate of eighteen percent per annum from August 23, 2010 to the date on which this judgment is entered, post-judgment interest as provided for by federal law, and costs pursuant to Fed. R. Civ. P. 54(d)(1).[9]

## CONCLUSION

Plaintiff Greentree's objections to Magistrate Judge Mix's recommendation are SUSTAINED. I adopt her recommendation with the following amendments:

1) Default shall be entered against both Speedy Heavy Hauling, Inc. and EnQuest

---

[9] As Magistrate Judge Mix properly noted, "The claims against Speedy do not provide a mechanism for the award of attorney fees absent a contractual agreement for payment of such fees. The contract at issue here does not contain a provision authorizing an award of attorney fees." Recommendation (doc. 57) at 18 n. 5.

Energy Services Corp.

2) Default judgment in the amount of $303,402.16, plus pre-judgment and post-judgment interest and costs, shall be entered against Speedy Heavy Hauling, Inc. and EnQuest Energy Services Corp., as to Plaintiff's first, second, third, and fourth, fifth, sixth, seventh, and eighth claims for relief.

Dated: November 17, 2011                    BY THE COURT:

                                                             **/s/ John L. Kane**
                                                             Senior U.S. District Judge